UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVIARA RESIDENCE CLUB OWNERS ASSOCIATION, a California non-profit mutual benefit corporation,<br><br>Plaintiff,<br><br>v.<br><br>SECURITY NATIONAL INSURANCE COMPANY, a Texas corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 19-CV-02372-DMS (DEB)<br><br>**ORDER DENYING JOINT DISCOVERY MOTION WITHOUT PREJUDICE**<br><br>**[DKT. NO. 41]** |

Before the Court is the parties' Joint Motion Regarding Defendant Security National's Responses to Plaintiff Aviara's Request for Production of Documents (Set One, Requests 3 and 4). Dkt. No. 41. Upon review of the Motion, the Court overrules Security National's relevance and proportionality objections, but lacks adequate information to rule on Security National's attorney-client privilege objections.

Aviara's Requests for Production of Security National's claims files for West Coast and Riviera are relevant and discoverable. *See, e.g.*, *Kaufman & Broad Monterey Bay v. Travelers Property Casualty Co. of America*, Case No. C10-02856 EJD (HRL) 2011 WL 2181692, at *3 (N.D. Cal. Jun. 2, 2011) (rejecting insurance carrier's argument

the claim file for its primary insured was not relevant in an insurance bad faith action that was filed by an additional insured following the carrier's defense of the primary insured and denial of coverage to the additional insured in the underlying construction defect action). Security National must produce any documents in its claim files that it is withholding solely on relevance and proportionality grounds on or before **October 9, 2020**.

Aviara challenges Security National's assertion of attorney-client privilege for documents that are highlighted in Exhibit A to the Motion (consisting of excerpts from Security National's privilege log). Dkt. No. 41 at 17[1]; Dkt. No. 41-1, Decl. of Sharon A. Huerta, ¶ 4. Exhibit A, however, lacks adequate information to fully evaluate Security National's claims that certain responsive documents are protected from disclosure. *See* Fed. R. Civ. P. 26(b)(5)(A)(ii). Security National is, therefore, ordered to produce a revised privilege log for documents identified in Exhibit A that it is withholding (or redacting) based on attorney-client privilege no later than **October 9, 2020**.[2] Security

---

[1] When referencing page numbers for documents filed with the Court, the Court's citation refers to the page numbers assigned by the Court's CM-ECF system.

[2] Although Aviara's motion purports to seek the production of all documents identified and highlighted in Exhibit A, a number of the highlighted entries pertain to documents for which protections are asserted that are not challenged by Plaintiff. *See, e.g.,* Dkt. No. 41-2 at 2 (document missing Bates number and dated May 30, 2017 asserting Attorney-Client Privilege and Attorney Work Product Protection). As the party moving to compel document production, Aviara bears the burden of informing the Court why Security National's privilege-based objections are not justified. *See Lemons v. Camarillo*, 14-CV-2814-DMS (DHB), 2017 WL 4700074, at *1 (S.D. Cal. Oct. 18, 2017); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Because Aviara's motion only challenges Security National's assertion of the attorney-client privilege, documents that were withheld due to an additional claimed protection are not appropriate for production even if the Court were to agree with Aviara on the application of the attorney-client privilege. Accordingly, Security National's revised privilege log need not include any documents that Aviara has identified in Exhibit A for which a protection in addition to attorney-client privilege is claimed.

National's revised privilege log must comply with the privilege log requirements set forth in the Court's Civil Chambers Rules, Section VIII, and also clearly identify which of the five attorney-client relationships is the basis for the privilege claim.[3]

If, upon review of Security National's revised privilege log, Aviara still contends Security National is improperly withholding or redacting documents, counsel must promptly and thoroughly meet and confer by videoconference on or before **October 19, 2020**.[4] Aviara may file a motion to compel the production of any documents still in dispute following the meet and confer. Aviara's motion to compel must be filed by **October 26, 2020**. Security National may file an opposition to any motion to compel on or before **November 2, 2020**. In connection with its Opposition, Security National must lodge the documents in dispute with the Court for in camera review. Aviara may not file a reply unless requested by the Court. The parties' briefs may not exceed 15 pages.

---

[3] Security National contends five discrete attorney-client relationships are implicated by Aviara's document requests. Dkt. No. 41 at 8. These relationships are between: (1) West Coast and attorney Alec Halsey, who was retained by West Coast to advise it regarding a fee dispute and mediation with Rivera; (2) Security National and attorney Robert Closson, who was retained by Security National for advice regarding coverage issues related to the Underlying Action; (3) West Coast and the Ryan & Carvalho law firm, which was retained by Security National to defend West Coast in the Underlying Action; (4) West Coast, Ryan & Carvalho, and Security National, based on the alleged tripartite relationship that exists between an insured, defense counsel, and the insurer; and (5) Security National and the Nielsen Katibah, LLP, law firm, which was retained to defend Security National in this action. *Id.*

[4] Security National professes confusion regarding which documents Aviara seeks to have produced. This argument indicates that counsel did not adequately meet and confer, as required by Local Civil Rule 26.1.a and the Court's Civil Chambers Rules. Counsels' meet and confer discussion(s) should have yielded a common understanding regarding which privilege log entries are contested, if nothing else. Counsel are reminded that they are expected to engage in a substantive and good faith effort to resolve or narrow disputes without the Court's intervention. A necessary precursor to these discussions is for counsel to understand the other party's position, even if he or she does not agree with it.

In the Joint Motion at issue, Aviara seeks sanctions pursuant to Fed. R. Civ. P. 37(a)(5). The Court denies this request without prejudice. Aviara may renew its request for sanctions in connection with any motion to compel following the parties' meet and confer over Security National's claims of attorney-client privilege.

IT IS SO ORDERED.

Dated: October 2, 2020

_____
Honorable Daniel E. Butcher
United States Magistrate Judge